## APPEAL OF H. E. AND M. C. SADLER.

Docket No. 3987.    Decided September 25, 1926.

A lessor is not entitled to a depletion deduction based on discovery value unless it appears that such value is materially disproportionate to the cost.

*Louis B. Montfort, Esq.,* for the petitioners.
*Benjamin H. Saunders, Esq.,* for the Commissioner.

This is an appeal from the determination of a deficiency of $634.40 in income tax for 1920. The question involved is whether the taxpayer, M. C. Sadler is entitled to a depletion deduction based on discovery value for the taxable year in question.

### FINDINGS OF FACT.

H. E. and M. C. Sadler, husband and wife, filed a joint return for 1920. For that year H. E. Sadler claimed as a depletion deduction on royalty interests $823.06 which was allowed by the Commissioner. M. C. Sadler claimed $5,723.62 as a depletion deduction on royalty interests owned by her, which was disallowed.

In or about 1904 M. C. Sadler acquired for taxes three tracts of land known as the Akin, Chandler and Johnson farms. At some time thereafter she leased the oil rights to these tracts, reserving to herself a one-eighth royalty interest. Oil was discovered on these tracts by operating lessees as of the following dates:

1. Akin Farm, September 1, 1919.
2. Chandler Farm, March 16, 1916.
3. Johnson Farm, (a) August 15, 1919. (b) October 12, 1919. (c) November 26, 1919.

The discovery value or the fair market value of the right to exploit the oil reserves to an operating fee owner as of the aforementioned dates, and the estimated cost of drilling and equipping the necessary wells to exploit these reserves on the various tracts are:

|  | Discovery value | Estimated cost of drilling and equipment |
|---|---|---|
| Akin Farm | $24,182.25 | $24,000.00 |
| Chandler Farm | 24,787.50 | 27,840.00 |
| Johnson Farm: |  |  |
| (a) | 11,350.22 | 11,600.00 |
| (b) | 62,510.00 | 63,800.00 |
| (c) | 21,504.00 | 17,400.00 |
| Total | 144,333.97 | 144,640.00 |

During 1920 the above properties were operated by the lessees, and taxpayer took her depletion deduction based on the discovery value of these properties and the depletion which resulted to her one-eighth interest from such operation by the lessees.

### OPINION.

MORRIS: The taxpayer contends that as a matter of law she is entitled to an equitable apportionment of depletion on the basis of discovery value regardless of the cost of development sustained by the lessees, as the provision in section 214 (a) (10) of the Revenue Act of 1918 which provides for the equitable apportionment of the depletion allowance between the lessor and lessee is mandatory. That section provides:

> In the case of mines, oil and gas wells, other natural deposits and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case, based upon cost including cost of development not otherwise deducted: *Provided*, That in the case of such properties acquired prior to March 1, 1913, the fair market value of the property (or the taxpayer's interest therein) on that date shall be taken in lieu of cost up to that date: *Provided further*, That in the case of mines, oil and gas wells, discovered by the taxpayer, on or after March 1, 1913, and not acquired as the result of purchase of a proven tract or lease, where the fair market value of the property is *materially disproportionate* to the cost, the depletion allowance shall be based upon the fair market value of the property at the date of the discovery, or within thirty days thereafter; such reasonable allowance in all the above cases to be made under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary. In the case of leases the deductions allowed by this paragraph shall be equitably apportioned between the lessor and lessee; * * *. [Italics ours.]

It will be noted that the last sentence upon which the taxpayer relies contains the words " the deductions allowed by this paragraph." Before there can be any equitable apportionment of depletion between the lessor and lessee in the case of leases it must be determined that there is an amount allowable. The section provides for a reasonable allowance for depletion based upon cost, the fair market value of the property as of March 1, 1913, when acquired prior thereto, or the fair market value of the property at the date of discovery, when discovery is made by the taxpayer, on or after March 1, 1913, and not acquired as the result of purchase of a proven tract or lease, where such fair market value is materially disproportionate to the cost. A prerequisite, therefore, which must be met by either a lessor or lessee in order to sustain a depletion allowance based on discovery value, is a showing that such value is materially disproportionate to the cost.

Article 220 (a) (4) of Regulations 45 provides that cost includes only the cost of exploration and development work to the time the

well was brought in, but counsel for the Commissioner contends that cost includes the total estimated cost of drilling and equipping the wells necessary to exploit the reserves. Which of these positions is correct, or whether only the original cost or March 1, 1913, value of the property should be taken into consideration, it is unnecessary to decide in this appeal. Even taking the position most favorable to the taxpayer, the determination of the Commissioner must be approved, as we have no evidence as to original cost of the tracts in 1904; as to any intervening costs between date of acquisition and the leasing of the premises; as to cost of exploration and development of the properties which resulted in the discovery of oil, or as to value, if any, on March 1, 1913.

*Judgment for the Commissioner.*